CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLTON LORENZA REID, | ) |
| Plaintiff, | ) Case No. 7:24-cv-00572 |
| v. | ) **MEMORANDUM OPINION** |
| OFFICER PETIT, *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Carlton Lorenza Reid, proceeding *pro se*, filed a civil-rights action asserting claims under 42 U.S.C. § 1983 against officers of the Lynchburg Police Department. (*See* Compl. [ECF No. 1].) Plaintiff has since filed a motion for leave to amend his complaint (ECF No. 26) and Defendants Officer Petit, Matthew Statuti, John Wilson, and Shane Evans (collectively, "Defendants") filed a motion to dismiss for failure to state a claim (ECF No. 32). For the reasons discussed below, Plaintiff's motion to amend will be denied and Defendants' motion to dismiss will be granted.

## PLAINTIFF'S MOTION TO AMEND

Plaintiff seeks to amend his complaint to add the Lynchburg Police Department ("LPD") as a Defendant in this action. (*See* Pl.'s Mot. to Am. 3 [ECF No. 26].) But under Federal Rule of Civil Procedure 17(b)(3), the capacity of a party that is neither an individual nor a corporation to be sued is determined by state law, and under Virginia law, "[l]ocal police and sheriff's departments . . . do not have the capacity to be sued." *Thompson v. City of Danville, Va.*, No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) (collecting cases). Because the LPD is not subject to suit and adding them as a party would be futile, *see Johnson*

*v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("[L]eave to amend a pleading should be denied only when . . . the amendment would be futile."), the court will deny Plaintiff's motion to amend his complaint to add it as a defendant (ECF No. 26).

## DEFENDANT'S MOTION TO DISMISS

### I.

In his complaint, Plaintiff alleges that he was "roughly arrested" in Lynchburg, Virginia, by Officer Petit and other LPD officers around 1:00 a.m. on June 6, 2024. (Compl. 2, 4.) He alleges that, after running about 25 yards from the officers, he surrendered on the ground. (*Id.* at 4.) According to Plaintiff, he was then assaulted by Petit and two other officers who grabbed Plaintiff around his shoulder blades and pressed their fingers into his neck. (*Id.*) Plaintiff alleges that the officers proceeded to grab him "with extreme force" and handcuff him so tightly that the cuffs left permanent marks on his wrists. (*Id.* at 2, 4.) Plaintiff claims that, even a month after the arrest, he continued to experience pain and nerve damage from the injuries to his neck and wrists. (*Id.* at 4.) He also alleges that he has difficulty sleeping at night without medication. (*Id.*) Finally, Plaintiff alleges that the officers took $269.00 that was never remitted to the jail's booking department upon his arrest. (*Id.* at 2, 4.)

Plaintiff filed this action on August 27, 2024, against Petit and "his two other officers." (*See id.* at 1.) After the court ordered Plaintiff to identify the unnamed Defendants listed in his complaint, Plaintiff named Matthew Statuti, John Wilson, and Shane Evans as additional Defendants. (*See* Pl.'s Resp. to Order to Identify John Does [ECF No. 13].) In his response identifying these additional Defendants, which the court allowed to amend his initial complaint, Plaintiff further alleges that Statuti, Wilson, and Evans contributed to the nerve

- 2 -

damage caused by his forceful arrest. (Compl. 7.) He alleges that all four officers "roughed [him] up." (*Id.*) He also alleges that, after he was handcuffed, he begged the officers to let him take off his shoes and that he accidentally kicked off his shoe at Officer Petit who, "a minute later," yelled "assault on an officer." (*Id.* at 7–8.) Plaintiff further claims the four white officers who arrested him were racist toward him as a black man and that his injuries caused him to be labeled "handicapped" after he arrived at the jail. (*Id.* at 8.)

Defendants have moved to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56. (*See* Defs.' Mot. to Dismiss or for Summ. J. [ECF No. 26].) Defendants hotly dispute Plaintiff's version of events and submit several exhibits, including body-camera footage, to support their motion. (*See* Memo. in Supp. of Defs.' Mot to Dismiss or for Summ. J. 1–5 [ECF No. 33].)

The court will not consider the outside evidence offered by Defendants at this time, nor will it convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d) (requiring that, where matters outside the pleadings are presented to and not excluded by the court on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). But even considering only the allegations in the complaint, Plaintiff has not stated a plausible claim for relief, and his complaint is subject to dismissal under Rule 12(b)(6).

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a

motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw*, 59 F.4th at 127. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief" as required by Rule 8. *Iqbal*, 556 U.S. at 679 (cleaned up).

Nevertheless, when a prisoner files his complaint *pro se*, the Court liberally construes the allegations in his favor and should not dismiss his claims unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 126–27 (4th Cir. 2023). And when an action implicates civil-rights interests, the Court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.*

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

"A claim that a law enforcement officer used excessive force during a stop or arrest is analyzed under the Fourth Amendment." *Barnes v. Felix*, 145 S. Ct. 1353, 1357 (2025) (citations omitted). And "[t]he 'touchstone of the Fourth Amendment is "reasonableness,"' as measured in objective terms." *Id.* at 1358 (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). Accordingly, in Fourth Amendment excessive-force cases, the central question is "whether the force deployed was justified from the perspective of a reasonable officer on the scene,

taking due account of both the individual interests and the governmental interests at stake." *Id.* (citations omitted).

To determine the objective reasonableness of an officer's actions, courts "look to 'the totality of the circumstances' at 'the moment that the force is employed.'" *Somers v. Devine*, 132 F.4th 689, 698 (4th Cir. 2025) (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)); *see Barnes*, 145 S. Ct. at 1358. But this objective-reasonableness test is not an "easy-to-apply legal test." "[D]eciding whether a use of force was objectively reasonable demands 'careful attention to the facts and circumstances' relating to the incident, as then known to the officer." *Barnes*, 145 S. Ct. at 1358 (quoting *Graham*, 490 U.S. at 396). Considerations such as "the severity of the crime prompting the stop" and the "actions the officer took during the stop, such as giving warnings or otherwise trying to control the encounter," carry weight in this analysis, and "the stopped person's conduct is always relevant because it indicates the nature and level of the threat he poses, either to the officer or to others." *Id.* (citations omitted); *see also Somers*, 132 F.4th at 698 (listing "the severity of the crime at issue," "whether the suspect poses an immediate threat to the safety of the officers or others," "whether the suspect is actively resisting arrest or attempting to evade arrest by flight," "the extent of the plaintiff's injury," and "any effort made by the officer to temper or limit the amount of force" as relevant factors) (citations omitted).

Here, even taking the factual allegations in the complaint as true, Plaintiff has not offered sufficient allegations to allow the court to conclude that any Defendants' individual actions were objectively unreasonable. As Defendants point out, liability under § 1983 is "personal, based upon each defendant's own constitutional violations. *Trulock v. Freeh*, 275

F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires concise factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by the defendant (cleaned up)). Although Plaintiff names four officers as Defendants, he has not identified what each individual did to specifically violate his constitutional rights. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enterprises, Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)). Thus, even construing the allegations in the complaint in Plaintiff's favor, the court cannot hold that any of Defendants' individual actions were unconstitutional.

## IV.

For the reasons set forth above, the court will deny Plaintiff's motion to amend and grant Defendants' motion to dismiss. Because the defect in Plaintiff's complaint may be remedied by an amended pleading, the court will give him a final opportunity to state his case. If he elects to file an amended complaint, he must do so within 21 days.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 10th day of September, 2025.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE